UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIDNEY LEONARD, JR. and GAYNEL LEONARD | CIVIL ACTION |
| VERSUS | NO. 06-7814 |
| TONY SPELL INSURANCE AGENCY, INC., STATE FARM FIRE & CASUALTY INSURANCE COMPANY AND AAA CONTRACTOR SERVICES | SECTION "R"(5) |

**ORDER AND REASONS**

Before the Court is the motion of plaintiffs Sidney Leonard, Jr. and Gaynel Leonard to remand this matter to state court. Because the Court finds the claims asserted against the in-state defendant, Tony Spell, were improperly joined, the Court DENIES the motion.

I.   BACKGROUND

Plaintiffs sued State Farm Fire and Casualty Insurance Company, their homeowner's insurer, and Tony Spell, their insurance agent, in Louisiana state court on claims relating to their insurance coverage. State Farm's citizenship is diverse

from plaintiffs but Spell, like plaintiffs, is a citizen of Louisiana.  The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).  Defendants removed this case to federal court on the ground that federal diversity jurisdiction exists because Spell was improperly joined.  Plaintiffs now move to remand this matter to state court.  For the following reasons, this motion is denied.

**II.   LEGAL STANDARDS**

   **A.   Applying Louisiana Law**

   When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).  These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom."  *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must

begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.**    **Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it

appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **C.**    **Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.  *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003).  The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id*.  The standard for evaluating a claim of improper joinder is similar to that used in

evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

Defendants assert that plaintiffs' claims against Spell are perempted by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents. The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . .

5

> within one year from the date of the alleged act,
> omission, or neglect, or within one year from the date
> that the alleged act, omission, or neglect is
> discovered or should have been discovered. However,
> even as to actions filed within one year from the date
> of such discovery, in all events such actions shall be
> filed at the latest within three years from the date of
> the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  Under the express terms of the statute, regardless of whether plaintiffs sued within one year of discovering their cause of action, the claim is still perempted if plaintiffs do not bring it within three years of the act, omission, or neglect.  La. Rev. Stat. § 9:5606.  Further, peremptive statutes are not subject to suspension.  *Reeder v. North*, 701 So. 2d 1291 (La. 1997).

The Court finds that plaintiffs' claims are perempted under any viable legal theory.  Plaintiffs allege that Spell was negligent in various ways when he procured their homeowner's policy and flood policy.  In its March 2, 2007 Order in this matter, the Court found that "all but one of [plaintiff's claims against Spell] fail to state a claim as to a recognized duty under Louisiana law."  (R. Doc. 17).  The only claim that the Court found potentially actionable under Louisiana law was that Spell failed to procure requested insurance coverage.  (*Id.*).  The Court then permitted plaintiffs to submit an affidavit within ten days of the Order that controverts Spell's affidavit

testimony that, between January of 2000 and the time that Hurricane Katrina struck, plaintiffs did not request or inquire about increased flood coverage limits or excess flood insurance. (*See* R. Doc. 15-2). Plaintiffs have submitted an affidavit, but it does not refute Spell's assertion as to the timing of any communications. (R. Doc. 19).

The Court therefore finds that, because plaintiffs filed suit in August of 2006, their claims are subject to the three-year peremption provided in La. Rev. Stat. § 9:5606. Furthermore, that the policy was renewed each year does not alter this result. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3 (E.D. La. 2005). Since plaintiffs' claims against Spell are perempted, they do not have a reasonable possibility of recovery against him. Joinder is thus improper, and the Court has diversity jurisdiction over this matter.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this 14th day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE